IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| RUSSELL E. GRIFFIN, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV-07-513-C-BLW |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM DECISION** |
| KIM JONES, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

On December 7, 2007, Idaho state prisoner Russell E. Griffin filed a Petition

for Writ of Habeas Corpus in this Court.  Because the Petition was deficient in

several respects, the Court ordered Petitioner to file an Amended Petition.  He did

so on December 31, 2007.

The Court has reviewed the Amended Petition and has concluded that "it

plainly appears from the face of the petition and any exhibits annexed to it that the

petitioner is not entitled to relief in the district court."  *See* Rule 4 of the Rules

Governing Section 2254 Cases.  Therefore, for the reasons set forth below, this

case shall be dismissed.

### BACKGROUND

After entering an *Alford* plea to a charge of second degree murder in 1995,

Petitioner was sentenced to life in prison, with the first twenty-five years fixed.  In

**MEMORANDUM DECISION AND ORDER - 1**

2006, Petitioner filed a Motion for Correction of Illegal Sentence in the state district court, claiming that his sentence was illegal on several grounds.  That Motion was denied.

On appeal, the Idaho Court of Appeals characterized Petitioner's argument as "the determinate term of twenty-five years is illegal because an indeterminate life sentence is limited to thirty years in Idaho . . . "  (Supplement to the Amended Petition, p. 3.)  The Court of Appeals found this argument to be without merit, and the Idaho Supreme Court declined to review the case.  *Id*.

## DISCUSSION

In this federal habeas action, Petitioner claims that he has been "denied access to the courts" because "there is no definition, in Idaho, of a life sentence." (Amended Petition, p. 2.)  He further contends that this supposed ambiguity in Idaho law results in an "arbitrary punishment" for his crime because the length of his sentence is left solely to the discretion of the Commission of Pardons and Parole.  *Id.*  He also suggests that a life sentence "may possibly be viewed" as a maximum period of confinement of thirty years.  (Petition, p. 2.)

Petitioner is essentially challenging the Idaho Court of Appeals' determination that his sentence is not illegal, which is a question of state law. Federal habeas corpus relief is "unavailable for alleged errors in the interpretation

MEMORANDUM DECISION AND ORDER - 2

or application of state law." *Peltier v. Wright*, 15 F.3d 860, 861 (9th Cir.1994)

(citation and quotation marks omitted); *see also Estelle v. McGuire*, 502 U.S. 62,

67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine

state-court determinations on state-law questions.").  A federal court may review a

state court's interpretation of its own law only when "it appears that its

interpretation is an obvious subterfuge to evade consideration of a federal issue."

*Peltier*, 15 F.3d at 862 (citing *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975).  The

Court finds no such subterfuge here, and Petitioner's attempt to recast the claim as

a denial of "access to the courts," or as the "arbitrary" enforcement of state law, is

not sufficient to raise a cognizable federal issue.

Even if a federal claim were present in this case, however, it is clear that

Petitioner would not be entitled to relief on the merits.  His legal theory seems to

be a variation of a similar argument that other Idaho prisoners have made recently

in state and federal court, claiming that because an indeterminate life sentence was

once considered to be thirty years for purposes of calculating *parole eligibility*, it

should be considered thirty years for purposes of *release* from prison.  That

argument has its roots in old cases such as *King v. State*, 456 P.2d 254 (Idaho

1969), in which the Idaho Supreme Court noted that "sentences of thirty years or

more must be treated for purposes of parole eligibility as effective life sentences."

**MEMORANDUM DECISION AND ORDER - 3**

*Id*. at 260.

Thus, in *State v. Wilson*, 672 P.2d 237 (Idaho Ct. App. 1983), the defendant

argued that prior case law supported the view that a prisoner with a fixed life

sentence was eligible to be released from prison after serving thirty years.  In

rejecting that argument, the Idaho Court of Appeals stated:

> The uncertainty on this point may arise from language in
> several Idaho Supreme Court decisions concerning indeterminate
> sentences, stating that for the purpose of determining parole
> eligibility, any sentence beyond thirty years is an effective life
> sentence. *See King v. State*, 93 Idaho 87, 456 P.2d 254 (1969); *State v.
> Butler*, 93 Idaho 492, 464 P.2d 931 (1970); and *Pulver v. State*, 93
> Idaho 687, 471 P.2d 74 (1970), *overruled on other grounds, State v.
> Tucker*, 97 Idaho 4, 539 P.2d 556 (1975). From this language, the
> view apparently has evolved that a life sentence means thirty years
> and that a person sentenced to a fixed life sentence will be eligible for
> release-outright or on parole-after thirty years. We believe this view is
> incorrect.

*Id*. at 243.[1]

The Court of Appeals recently expressed its opinion more strongly, holding

that "under Idaho law, a life sentence is not and never has been a thirty-year

sentence, nor is there any 'custom and usage' making it so."  *State v. Murphy*, 158

P.3d 315, 316 (Idaho Ct. App. 2007) (citing *State v. Wood*, 876 P.2d 1352 (Idaho

1993)).  According to this authority, then, when determining the potential

---

[1]  The Idaho Court of Appeals's decision was later overruled on other grounds by the
Idaho Supreme Court in *State v. Wilson*, 690 P.2d 1338 (1984).

**MEMORANDUM DECISION AND ORDER - 4**

maximum term that a prisoner may eventually be required to serve in Idaho–as opposed to calculating parole eligibility–life means life.

Furthermore, whatever ambiguity that may have existed in Idaho law decades ago does not exist with respect to Petitioner's specific sentence, which was imposed nine years after the Idaho Legislature enacted the Unified Sentencing Act. *See State v. Wood*, 876 P.2d 1352, 1354 (Idaho 1993) ("the quote from *King* identified by [inmates] no longer has precedential value in light of the adoption of the Unified Sentencing Act in 1986").  Under the Act, the trial court sets a minimum period of confinement, during which the defendant is not eligible for parole, and a subsequent indeterminate period of confinement that cannot exceed the maximum statutory punishment for the crime.  Idaho Code § 19-2513.  The penalty for second degree murder is a minimum of ten years in prison and a maximum of life.  Idaho Code § 18-4004.

Consistent with these statutory provisions, the trial court in this case sentenced Petitioner to life in prison with the first twenty-five years determinate. In other words, Petitioner will be required to serve twenty-five years before he can be considered for parole by the Commission of Pardons and Parole, and if the Commission does not release him on parole after that time, he will remain in prison until the end of his natural life.  Accordingly, Petitioner's sentence falls within the

**MEMORANDUM DECISION AND ORDER - 5**

range authorized by Idaho law and is not ambiguous or arbitrary with respect to its terms.

For all of these reasons, it plainly appears that Petitioner would not be entitled to relief in the district court, and this case shall be dismissed.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus is DISMISSED.



DATED:  **January 18, 2008**

Honorable B. Lynn Winmill
Chief U. S. District Judge